IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AQUIL JOHNSON, | : | Civil No. 1:21-CV-00516 |
| Plaintiff, | : | |
| v. | : | |
| PENNSYLVANIA DEPARTMENT OF CORRECTIONS, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Before the court are Plaintiff's motions to review or amend the court's April 17, 2023 order, Docs. 103, 105, and a renewed motion for appointment of counsel, Doc. 107. For the following reasons the court will grant Plaintiff's motions for reconsideration, amend the court's April 17, 2023 order, and deny his motion for appointment of counsel.

### PROCEDURAL BACKGROUND

This action was initially filed in the Court of Common Pleas in Centre County, Pennsylvania and removed to federal court on March 22, 2021. (Docs. 1, 1-2.) The original complaint brought an Eighth Amendment deliberate indifference claim, a negligence per se claim, and a negligent infliction of emotional distress claim against the Pennsylvania Department of Corrections ("DOC"), John E. Wetzel ("Wetzel"), Mark Garman ("Garman"), Dr. Richard Ellers ("Ellers"), CCS, Fisher, and Dr. Fernando Tejeda ("Tejeda"). (Doc. 1-2.)

1

Defendants filed motions to dismiss the complaint. (Docs. 7, 21.) On March 9, 2022, Magistrate Judge Martin C. Carlson entered a report and recommendation recommending that Defendants' motion be granted in part and denied in part. (Doc. 39.) After ruling on Plaintiff's objections, Docs. 10, 41, 42, the court adopted the report and recommendation in part. (Doc. 45.) The only surviving claims were the Eighth Amendment claim as to Defendants Ellers, Tejada, and Fisher, the negligence per se claim as to all Defendants and the negligent infliction of emotional distress claim as to all Defendants. (Doc. 45.)[1] Defendants then answered the complaint as to the surviving claims. (Docs. 46, 48.)

In September of 2022, Plaintiff filed an amended complaint naming an additional defendant, Dominicis, the Chief Executive Officer ("CEO") of CCS. (Docs. 62, 65.) On November 7, 2022, the Defendants employed by the DOC filed a motion to dismiss the amended complaint. (Doc. 70.) On December 7, 2022, the Defendants employed by CCS filed a motion to dismiss the amended complaint. (Doc. 74.) On April 17, 2023, the court entered an order disposing of all the pending claims except the Eighth Amendment claims against Defendants Ellers,

---

[1] The report and recommendation did not address the negligence per se or negligent infliction of emotional distress claims on their merits, but recommended refusing to extend jurisdiction to these state law claims. (Doc. 39.) The court did not adopt this recommendation. (Doc. 45.) The court addressed the merits of these claims in the order addressing the Rule 12 motions. (Docs. 101, 102.)

2

Fisher, and Tejeda.  (Docs. 101, 102.)  This included dismissing the negligent infliction of emotions distress claims.  (*Id.*)

It is this order that Plaintiff is challenging with his current motions to review or amend the court's order.  (Docs. 103, 105.)  Plaintiff filed two identical motions and identical briefs in support.  (Docs. 103, 104, 105, 106.)  Defendants filed briefs in opposition.  (Docs. 108, 109.)  Plaintiff filed a reply brief.  (Doc. 115.)  Plaintiff also filed a motion for appointment of counsel.  (Doc. 107.)  The court will now address the pending motions.

## DISCUSSION

### A. Rule 54(b) Motions Will Be Granted.

Because Plaintiff's motions seek reconsideration of an interlocutory order granting partial summary judgment, it is brought pursuant to Fed. R. Civ. P. 54(b). *See Qazizadeh v. Pinnacle Health Sys.*, 214 F. Supp. 3d 292, 295 (M.D. Pa. 2016) ("[M]otions for reconsideration of interlocutory orders—whether denials of summary judgment, grants of partial summary judgment, or any other non-final orders—are motions under Federal Rule of Civil Procedure 54(b).").  Under Rule 54(b), an order that does not dispose of every claim in an action "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  Fed. R. Civ. P. 54(b); *see Qazizadeh*, 214 F. Supp. 3d at 295.  Reconsideration of interlocutory orders "may be had even if a movant

cannot show an intervening change in controlling law, the availability of new evidence that was not available when the court issues the underlying order, or 'the need to correct a clear error of law or fact or to prevent manifest injustice.'" *Qazizadeh*, 214 F. Supp. 3d at 295 (quoting *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). "Instead, the court may permit reconsideration whenever 'consonant with justice to do so.'" *Id.* (quoting *St. Mary's Area Water Auth. v. St. Paul Fire & Marine Ins. Co.*, 412 F. Supp. 2d 630, 632 (M.D. Pa. 2007)). Nevertheless, the following limitations apply to such motions:

> [b]efore entertaining a motion for reconsideration of an interlocutory order, the movant must still establish good cause for why the court should revisit its prior decision. Moreover, whether involving a final or interlocutory order, a motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant. A reconsideration motion should not be used to try to get a second bite at the apple or to raise new arguments or evidence that could have been proffered prior to the issuance of the order in question.

*Qazizadeh*, 214 F. Supp. 3d at 295–96 (citations and internal quotation marks omitted).

Here, Plaintiff's motion asks the court to reconsider the issue of dismissing the negligent infliction of emotional distress claims. (Docs. 103, 105.) The April 17, 2023 memorandum and order dismissed these claims because "the Pennsylvania Supreme Court has not definitively recognized a negligent infliction

4

of emotional distress claim based on a contractual or fiduciary duty," i.e. a special relationship, and cited to *LaLoup v. United States*, 92 F. Supp. 3d 340, 348 (E.D. Pa. 2015) and *Toney v. Chester County Hospital*, 614 Pa. 98, 95 (2011). (Doc. 101, p. 24.) Plaintiff argues that other district courts and this court have found that such a special relationship exists and allowed in such claims. (Docs. 104, 106.) In support of his argument, he cites to cases from District Courts in Minnesota, the Eastern District of Pennsylvania, New York, and Pennsylvania. (Docs. 104, 106.) However, none of the decisions from these courts are binding on this court. Plaintiff failed to cite any case on this specific issue from the Third Circuit, the Supreme Court of Pennsylvania, or the Supreme Court of the United States. (*Id.*)

However, Plaintiff did cite to a case from this court, *Remlinger v. Leb. Cty.*, 202 U.S. Lexis 55480 (M.D. Pa. 2020). (Doc. 106, p. 8.) However, the 2020 decision fails to include the quoted materials. *Remlinger v. Leb. Cty.*, 2020 WL 3104008 (M.D. Pa. Jun. 11, 2020). The quoted section does appear in the report and recommendation dated August 26, 2022. *Remlinger. Leb. Cty.*, 2022 WL 17468815 at *25 (M.D. Pa. Aug. 26, 2022) (stating "[t]he jailer-inmate relationship is one such special relationship."). This report and recommendation addressed claims of intentional infliction of emotional distress, rather than negligent infliction of emotional distress. *Id*. However, in finding the existence of a "special relationship," this court relied on *Thompson v. United States*, 2017 WL 2972679 at

\*4 (E.D. Pa. July 12, 2017), which found that in the jailer-inmate relationship "there existed a special relationship, as Plaintiff's detention rendered Plaintiff uniquely dependent on BOP and FDC personnel to act in Plaintiff's best interests." *Remlinger. Leb. Cty.*, 2022 WL 17468815 at \*25. This language mimics the preexisting contractual or fiduciary relationship requirement for a "special relationship" in the negligent infliction of emotional distress standard. This court adopted this portion of the report and recommendation and allowed the intentional infliction of emotional distress claims against five defendants in that action to proceed. *Remlinger. Leb. Cty.*, 2022 WL 16708247 (M.D. Pa. Nov. 4, 2022). Defendants failed to address this case in their briefs in opposition. (Docs. 108, 109.) Because this court has previously determined that "[t]he jailer-inmate relationship is one such special relationship," in cases of intentional infliction of emotional distress, the court will grant Plaintiff's motion, extend the "special relationship" to negligent infliction of emotional distress, and amend its April 17, 2023 memorandum and order.

### B. The Negligent Infliction of Emotional Distress Claims Will Dismissed.

In light of the above determination, the court will now re-address Plaintiff's claims for negligent infliction of emotional distress. To summarize the procedural history of this claim, the original complaint brought a negligent infliction of emotional distress claim against the Pennsylvania Department of Corrections

("DOC"), John E. Wetzel ("Wetzel"), Mark Garman ("Garman"), Dr. Richard Ellers ("Ellers"), CCS, Fisher, and Dr. Fernando Tejeda ("Tejeda"). (Doc. 1-2.) Defendants filed motions to dismiss the complaint. (Docs. 7, 21.) On March 9, 2022, Magistrate Judge Martin C. Carlson entered a report and recommendation recommending that the court decline to extend jurisdiction to this state law claim. (Doc. 39.) This court did not adopt this portion of the report and recommendation. (Doc. 45.) In September of 2022, Plaintiff filed an amended complaint naming an additional defendant, Dominicis, the Chief Executive Officer ("CEO") of CCS. (Docs. 62, 65.) This included a negligent infliction of emotional distress claim against Defendant Dominicis. (Doc. 65, p. 72.) On November 7, 2022, Defendants employed by the DOC filed a motion to dismiss the amended complaint. (Doc. 70.) On December 7, 2022, the Defendants employed by CCS filed a motion to dismiss the amended complaint. (Doc. 74.) On April 17, 2023, this court entered an order that, in pertinent part, dismissed the negligent infliction of emotional distress claims. (Docs. 101, 102.) The court will now amend the memorandum and order solely in relation to this claim.

   1. **Standard**

Negligent infliction of emotional distress claims address "mental or emotional harm (such as fright or anxiety) that is caused by the negligence of another[.]" *Consolidated Rail Corp. v. Gottshall*, 512 U.S. 532, 544 (1994). To set

7

forth a claim for negligent infliction of emotional distress in Pennsylvania, a plaintiff must also establish at least one of the following factual scenarios:

> (1) impact liability where emotional distress is accompanied by physical injury or impact; (2) zone of danger liability where emotional distress is inflicted on a plaintiff who was in close proximity of physical impact and thereby reasonably experienced a fear of physical injury; (3) bystander liability for emotional distress experienced by a plaintiff who personally witnessed an impact upon a close relative; and (4) special relationship liability premised on the breach of a preexisting contractual or fiduciary relationship that foreseeably resulted in emotional harm so extreme that a reasonable person should not be expected to endure the resulting distress.

*Humphries v. Pennsylvania State Univ.*, 492 F. Supp.3d 393, 409 (M.D. Pa. 2020) (citing *Doe v. Phila. Cmty. Health Alts. AIDS Task Force*, 745 A.3d 25, 27–28 (Pa. Super. 2000)); *see also Goodson v. Kardashian*, 413 F. App'x 417, 418 (3d Cir. 2011) (describing the elements of a claim for negligent infliction of emotional distress in Pennsylvania); *see also Taylor v. Albert Einstein Med. Ctr.*, 754 A.2d 650, 652 (Pa. 2000) (citing § 46 of the Restatement (Second) of Torts "as setting forth the minimum elements necessary to sustain such a cause of action.").

However, the Pennsylvania Supreme Court has not definitively recognized a negligent infliction of emotional distress claim based on a contractual or fiduciary duty. *See LaLoup*, 92 F. Supp. 3d at 348 (citing the non-precedential *Toney*, 614 Pa. at 95, in which the Pennsylvania Supreme Court decided that negligent infliction of emotional distress claims predicated

8

on pre-existing relationships are limited to those relationships "involving duties that obviously and objectively hold the potential of deep emotional harm in the event of breach . . . [and] the special relationships must encompass an implied duty to care for the plaintiff's emotional well-being. The potential emotional harm must not be the type that a reasonable person is expected to bear.") This court finds that "[t]he jailer-inmate relationship is one such special relationship." *Remlinger. Leb. Cty.*, 2022 WL 17468815 at *25 (M.D. Pa. Aug. 26, 2022) (this portion of the report and recommendation adopted in *Remlinger. Leb. Cty.*, 2022 WL 16708247 (M.D. Pa. Nov. 4, 2022).

### 2. Analysis

Plaintiff's complaint raised claims of negligent infliction of emotional distress against Defendants Pennsylvania DOC, Wetzel, Garman, Ellers, CCS, Fisher, Tejeda and Dominicis. (Doc. 65.)

Plaintiff's claim of negligent infliction of emotional distress against Defendants DOC, Wetzel, and Garman are premised on them "failing to provide plaintiff with timely dental treatment when he was suffering from dental emergencies on two different occasions." (Doc. 65, p. 17.) However, the alleged facts fail to demonstrate that the DOC employees, including Wetzel and Garman, did anything other than pass on Plaintiff's sick call slips and requests for medical care to the medical staff at the facility. (Doc. 65, pp. 6–9.) Therefore, the alleged

facts fail to demonstrate that these Defendants failed to uphold any duty of care owed to Plaintiff.  In light of these facts, the complaint, as drafted, cannot support such a claim against the DOC.  Therefore, there was no negligence on the part of Defendants DOC, Wetzel, and Garman.

Plaintiff's claim of negligent infliction of emotional distress against medical Defendants, including Ellers, CCS, Fisher, Tejeda and Dominicis, cannot succeed because Plaintiff failed to provide the required certificates of merit required to establish negligence.  (Doc. 101, pp. 17–22.)

In conclusion, Plaintiff's claims of negligent infliction of emotional distress will be dismissed because Plaintiff has failed to establish negligence on the part of any of the defendants.  *Gottshall*, 512 U.S. at 544. ("The injury we deal with here is mental or emotional harm (such as fright or anxiety) that is caused *by the negligence of another* and that is not directly brought about by a physical injury, but that may manifest itself in physical symptoms." (*emphasis added*)).

### C. Motion For Appointment of Counsel Will Be Denied.

Although prisoners have no constitutional or statutory right to appointment of counsel in a civil case, the court has discretion to "request an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1); *see Houser v. Folino*, 927 F.3d 693, 697 (3d Cir. 2019).  The appointment of counsel is a privilege, not a statutory or constitutional right.  *Brightwell v. Lehman*, 637 F.3d

187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances after a finding that the plaintiff's case has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.  If the court finds that the plaintiff has crossed this threshold inquiry, the court should consider the following factors in deciding whether to request a lawyer to represent an indigent plaintiff:

(1) the plaintiff's ability to present his or her own case;
(2) the complexity of the legal issues;
(3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
(4) the plaintiff's ability to retain counsel on his or her own behalf;
(5) the extent to which a case is likely to turn on credibility determinations, and;
(6) whether the case will require the testimony of expert witnesses.

*Tabron*, 6 F.3d at 155-57.  This list of factors is non-exhaustive, and no single factor is determinative. *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002) (citing *Parham v. Johnson*, 126 F.3d 454, 458 (3d Cir. 1997)).  Instead, these factors serve as guideposts for the district courts to ensure that the precious commodity of volunteer attorney time is not "wasted on frivolous cases." (*Id.*)

Here, Plaintiff has demonstrated a clear ability to present his own case.  This is highlighted by his successful motion for the court to amend its previous order dismissing claims in this action. *See supra*.  Thus, appointment of counsel is not warranted at this time.  If future proceedings demonstrate the need for counsel, the

matter may be reconsidered either *sua sponte* or pursuant to a properly filed motion.

## CONCLUSION

For the reasons stated above, Plaintiff's motions to amend the court's order, will be granted. The court's April 17, 2023 memorandum and order is amended to reflect that the court recognizes a special relationship between the jailer and the inmate. However, based on the facts alleged in the complaint, the claims for negligent infliction of emotional distress will be dismissed. Plaintiff's motion for appointment of counsel will be dismissed without prejudice.

s/Jennifer P. Wilson  
JENNIFER P. WILSON  
United States District Judge  
Middle District of Pennsylvania

Dated: June 22, 2023