# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AQUIL JOHNSON, | : | Civil No. 1:21-CV-00516 |
| Plaintiff, | : | |
| v. | : | |
| PENNSYLVANIA DEPARTMENT OF CORRECTIONS, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

Before the court is Michelle Fisher's ("Defendant Fisher") motion for reconsideration of the court's March 25, 2024 order partially denying her motion for summary judgment. (Doc. 156.) For the following reasons, the court will deny the motion.

### BACKGROUND AND PROCEDURAL HISTORY

This action was initially filed in the Court of Common Pleas in Centre County, Pennsylvania and removed to federal court on March 22, 2021. (Docs. 1, 1-2.) The original complaint brought an Eighth Amendment deliberate indifference claim, a negligence per se claim, and a negligent infliction of emotional distress claim against the Pennsylvania Department of Corrections ("DOC"), John E. Wetzel ("Wetzel"), Mark Garman ("Garman"), Dr. Richard Ellers ("Ellers"), Correct Care Solutions, LLC ("CCS"), Michelle Fisher ("Fisher"), and Dr. Fernando Tejeda ("Tejeda") concerning alleged failures to treat

1

his dental complaints while housed at the State Correctional Institute at Rockview ("SCI-Rockview").  (Doc. 1-2.)

Defendants filed motions to dismiss the complaint.  (Docs. 7, 21.)  On March 9, 2022, Magistrate Judge Martin C. Carlson entered a report and recommendation recommending that Defendants' motions be granted in part and denied in part.  (Doc. 39.)  After ruling on Plaintiff's objections, Docs. 10, 41, 42, the court adopted the report and recommendation in part.  (Doc. 45.)[1]  The only surviving claims were the Eighth Amendment claim as to Defendants Ellers, Tejada, and Fisher, the negligence per se claim as to all Defendants and the negligent infliction of emotional distress claim as to all Defendants.  (Doc. 45.)  Defendants then answered the complaint as to the surviving claims.  (Docs. 46, 48.)

In September of 2022, Plaintiff filed an amended complaint naming an additional defendant, Dominicis, the Chief Executive Officer ("CEO") of CCS.  (Docs. 62, 65.)  On November 7, 2022, the Defendants employed by the DOC filed a motion to dismiss the amended complaint.  (Doc. 70.)  On December 7, 2022, the Defendants employed by CCS filed a motion to dismiss the amended complaint.

---

[1] The report and recommendation did not address the negligence per se or negligent infliction of emotional distress claims on their merits, but recommended refusing to extend jurisdiction to these state law claims.  (Doc. 39.)  The court did not adopt this recommendation.  (Doc. 45.)  The court addressed the merits of these claims in the order addressing the Rule 12 motions.  (Docs. 101, 102.)

(Doc. 74.) On April 17, 2023, the court entered an order disposing of all the pending claims except the Eighth Amendment claims against Defendants Ellers, Fisher, and Tejeda. (Docs. 101, 102.) This included dismissing the negligent infliction of emotional distress claims based on the lack of a special relationship. (*Id.*)

Plaintiff then filed a motion to reconsider the court's April 17, 2023 order. (Docs. 103, 105.) On June 22, 2023, the court granted Plaintiff's motion for reconsideration, readdressed the negligent infliction of emotional distress claims, and dismissed the claims based on a failure to establish negligence on the part of any Defendants. (Docs. 117, 118.)

Defendants filed motions for summary judgment in July of 2023. (Docs. 120, 123.) In August of 2023, Plaintiff filed briefs in opposition. (Docs. 130, 131.) On March 25, 2024, the court entered a memorandum and order granting the motions for summary judgment in part. (Docs. 148, 149.) The court entered judgment in favor of Defendants on the Eighth Amendment claims regarding the treatment of tooth number 8 received in March 2019, January 2020, and April 2020 and the treatment of tooth number 29. (Doc. 149.) The Eighth Amendment claims concerning tooth number 8 and the missed August 15, 2019 appointment, the subsequent sick call slips dated August 15, 2019, September 14, 2019, and December 31, 2019 that went unanswered, and the November 20, 2019 inmate

3

requests forms addressed to Defendants Ellers and Fisher survived summary judgment. (*Id.*) In doing so, the court found that Defendant Fisher's affidavit was vague, resulting in an issue of material fact as to whether she received the unanswered sick call slips and what she did following the receipt of the November 20, 2019 inmate request. (Doc. 148, pp. 23–27.)

On April 19, 2024, Defendant Fisher filed a motion for reconsideration seeking judgment on the surviving Eighth Amendment claims. (Doc. 156.) The court received and docketed Plaintiff's brief in opposition on May 10, 2024. (Doc. 161.) Defendant Fisher did not file a reply. The court will now address the pending motion for reconsideration.

### STANDARD

Defendant's motion seeks reconsideration of an interlocutory order granting partial judgment. (Doc. 156.) Therefore, it is brought pursuant to Fed. R. Civ. P. 54(b). *See Qazizadeh v. Pinnacle Health Sys.*, 214 F. Supp. 3d 292, 295 (M.D. Pa. 2016) ("[M]otions for reconsideration of interlocutory orders—whether denials of summary judgment, grants of partial summary judgment, or any other non-final orders—are motions under Federal Rule of Civil Procedure 54(b)."). Under Rule 54(b), an order that does not dispose of every claim in an action "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); *see Qazizadeh*, 214 F. Supp.

3d at 295.  Reconsideration of interlocutory orders "may be had even if a movant cannot show an intervening change in controlling law, the availability of new evidence that was not available when the court issues the underlying order, or 'the need to correct a clear error of law or fact or to prevent manifest injustice.'" *Qazizadeh*, 214 F. Supp. 3d at 295 (quoting *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)).  "Instead, the court may permit reconsideration whenever 'consonant with justice to do so.'"  *Id.* (quoting *St. Mary's Area Water Auth. v. St. Paul Fire & Marine Ins. Co.*, 412 F. Supp. 2d 630, 632 (M.D. Pa. 2007)).  Nevertheless, the following limitations apply to such motions:

> [b]efore entertaining a motion for reconsideration of an interlocutory order, the movant must still establish good cause for why the court should revisit its prior decision.  Moreover, whether involving a final or interlocutory order, a motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant.  A reconsideration motion should not be used to try to get a second bite at the apple or to raise new arguments or evidence that could have been proffered prior to the issuance of the order in question.

*Qazizadeh*, 214 F. Supp. 3d at 295–96 (citations and internal quotation marks omitted).

## DISCUSSION

Here, Defendant is asserting that factual mistakes justify reconsideration of the court's order denying summary judgment on the surviving Eighth Amendment claims. (Doc. 157.) Specifically, Defendant Fisher points to the issues of material fact cited in the court's March 25, 2024 memorandum pertaining to whether Defendant Fisher had any actual knowledge or a reason to believe that prison doctors were mistreating or failing to treat Plaintiff based on the missed August 15, 2019 appointment, the unanswered sick call slips in August, September, and December of 2019, and the unanswered inmate request form in November of 2019. (Doc. 148.)

Defendant Fisher asks the court to reconsider its order by clarifying her initial affidavit, which the court described as vague. The clarifying affidavit seeks to remedy this vagueness, and Defendant Fisher's counsel admits to misstatements on her part that lead to some confusion. (Doc. 157, pp. 10–11.) However, under *Qazizadeh*, the court cannot consider "new arguments or evidence that could have been proffered prior to the issuance of the order in question." The Third Circuit has specifically stated that "'new evidence,' for reconsideration purposes, does not refer to evidence that a party obtains or submits to the court after an adverse ruling. Rather, new evidence in this context means evidence that a party could not earlier submit to the court because that evidence was not previously available." *Howard*

*Hess Dental Laboratories Inc. v. Dentsply Intern., Inc.*, 602, F.3d 237, 252 (3d Cir. 2010). Because these factual issues should have been made clear in the motions for summary judgment, the court will not allow Defendant Fisher a second bite at the apple. Instead, Defendant Fisher may present this clarifying evidence at the jury trial scheduled for March of 2025.

## CONCLUSION

For the aforementioned reasons, the court will deny Defendant's motion for partial reconsideration of the court's March 25, 2024 order.

An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: July 18, 2024