# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA
# No. 21-CV-0516

## AQUIL JOHNSON

**Plaintiff**

V.

PA. DEPARTMENT OF CORRECTION'S et al.,

Dr. RICHARD ELLERS AND

Dr. FERNANDO TEJEDA

## PLAINTIFF'S TRIAL BRIEF

This is a Civil Action Originally filed in State court and then removed to this Federal court and is now pending before the Honorable U.S. District Judge Jennifer P. Wilson.

**Respectfully Submitted**

AQUIL JOHNSON # JS-6478
Pro Se Plaintiff
1111 Altamont Blvd.
Frackville, Pa.17931

1

# TABLE OF CONTENTS

<u>**Content**</u>                                                                                                                                                    <u>**Pg's**</u>

Table of Citations----------------------------------------------------------------------------------3

I.   Introduction----------------------------------------------------------------------------------4

II. Statement of the Case------------------------------------------------------------------5

A. Procedural History---------------------------------------------------------------------5

B. Factual History--------------------------------------------------------------------------7

III. Statement of The Questions Involved--------------------------------------------8

        **a.** Whether the defendants violated Mr. Johnson's 8th Amendment Rights by delaying his emergency dental care for non-medical reasons?

IV. ARGUMENTS----------------------------------------------------------------------------------9

V. CONCLUSION----------------------------------------------------------------------------------13

APPENDIX---------------------------------------------------------------------Separately Attached

# TABLE OF CITATIONS

**Citations**                                                                                           **Pg's**

Willow Inn, Inc., v. Public Serv. Mut. Ins. Co., 339 F.3d 224 (3rd. Cir.2005)--3

**Statutes**                                                                                            **Pg.'s**

# I. INTRODUCTION

This case involves the defendants deliberate indifference to Mr. Johnson's serious medical needs when he was suffering from a painful and potentially deadly abscessed tooth infection. Each defenant had personal involvement where each of them was confronted with a situation that they could have remedied and failed to do so for non-medical reasons.

## II. STATEMENT OF THE CASE:

### A.    Procedural History:

Around March 1, 2021, Johnson initiated this Action by filing a complaint in the State court of common pleas of Centre County Pennsylvania. On March, 22, 2021, the defendants had this action moved to this court pursuant to 28 U.S.C. § 1441 (a). On March 30, 2021, the DOC defendants filed a motion to dismiss under Fed. R.C.P. 12 (b)(6).

On April 17, 2023, this Court Granted in part and denied in part the defendant's motions to dismiss and the medical defendant's motion for summary judgment.

On April 23, 2024, this Court denied the defendant motion for summary judgment and set this case for a trial on March 10, 2025. and a deadline for motions in limine for January 27, 2025.

On November 19, 2024, the medical defendants filed for bankruptcy and this case was stayed until the Bankruptcy was over. The Bankruptcy concluded and a trial in this matter have been scheduled for March 30, 2026. This pretrial brief now follow.

**B.    Factual History:**

In between April 16, 2019, and March 2020, the defendants jointly and severally failed to provide the plaintiff with timely emergency dental care. See, Exhibit-P25 (Affidavit of Aquil Johnson)

In between April 16, 2019, and March 2020, the plaintiff suffered from severe pain, head aches, swollen neck, broken teeth and infection. See, Exhibit-P25 (Affidavit of Aquil Johnson)

In between April 16, 2019, and March 2020, the plaintiff notified the defendants of his dental emergency using accepted chains of communication and the defendants failed to treat plaintiffs dental emergencies in a timely manner. See, Exhibit-P25 (Affidavit of Aquil Johnson)

Each time plaintiff suffered from one of these dental emergencies, plaintiff

was forced to wait for treatment which caused plaintiff to have to suffer in his cell with severe pain and infection for over a month at a time. See, See, Exhibit-P25 (Affidavit of Aquil Johnson)

## III. STATEMENT OF THE QUESTIONS INVOLVED:

[a.] Whether the defendants violated Mr. Johnson's 8th Amendment Rights by delaying his emergency dental care for non-medical reasons?

## IV. STATEMENT OF THE EVIDENCE

Mr. Johnson intends to call six witnesses besides himself and the defendants to establish his case before the court.

**HSA Michelle Fisher:** Ms. Fisher was the Health Service Administrator for Well Path and working in that capacity at SCI Rockview during the time of the incident. Ms. Fisher Submitted to this court a sworn affidavit which state that she forwarded a request slip to defendant Ellers that informed him that Mr. Johnson was in serious need of emergency treatment. Her testimony is directly relevant to the question of defendants knowledge and disregarding of the substantial risk to Mr. Johnson's health and safety.

**Deputy Secretary Morris Houser:** Mr. Houser was the Deputy Superintendent at SCI Rockview during the incident and stated in a signed and dated DC 135A (Government Document)(Plaintiff's trial exhibit-P8) that he forwarded a request

6

slip to defendant Ellers that informed him that Mr. Johnson was in serious need of emergency treatment. His testimony is directly relevant to the question of defendants knowledge and disregarding of the substantial risk to Mr. Johnson's health and safety.

**Keri Moore:** Ms. Moore was the Central Office Grievance Officer who investigated Mr. Johnson's Grievance Appeal and found that the response time to Mr. Johnson's dental sick call was delayed and that the time to respond to dental sick calls "needs to be improved" and contacted the defendants about this. Ms. Moore's testimony is directly relevant to the question of the delay itself and the reasons for the delay.

**Inmate Warren Evens:** Mr. Evens was an inmate who suffered an abscess tooth infection and his treatment was delayed by Dr. Tejeda resulting in all of Mr. Evens teeth having to be removed due to the spreading of the infection. Mr. Evens sued Dr. Tejeda who settled the case out of court. Mr. Evens testimony is directly relevant to the question of Dr. Tejeda's awareness of the substantial risk to Mr. Johnson's health and safety where he knew of the risk because he have dealt with identical issues from other patients on several occasions. Mr. Evens testimony is also relevant to the question of punitive damages under the Supreme Court's repeated conduct reprehensibility analysis.Willow Inn, Inc., v. Public Serv. Mut. Ins. Co., 339 F.3d 224 (3rd. Cir.2005).

**Inmate Emru Kebede:** Mr. Kebede was present during Mr. Johnson's suffering due to the delay in his emergency care and will testify to his knowledge of Mr. Johnson's pain and suffering during this incident for the purpose of establishing damages. His affidavit have been an exhibit throughout this case.

**Inmate Earl C. Handfield:** Mr. Handfield was present during Mr. Johnson's suffering due to the delay in his emergency care and will testify to his knowledge

of Mr. Johnson's pain and suffering during this incident for the purpose of establishing damages. His affidavit have been an exhibit throughout this case.

Mr. Johnson also intends to show through the introduction of PA. DOC Policy, American Dental Association Standards and contemporary scientific reports that the condition Mr. Johnson was suffering from was a painful and life threatening emergency condition requiring immediate treatment.

### V. ANTICIPATED LEGAL ISSUES:

Mr. Johnson believes at this point that there are no legal issues that will need to be addressed at trial out side of the normal trial process. However, if the defendants do bring an issue up, Mr. Johnson will be prepared to address those issues at that time.

### CONCLUSION:

**WHEREFORE**, " For these reasons, Johnson respectfully request that this matter proceeds to trial.

Date  2-7-2026

Respectfully

AQUIL JOHNSON # JS-6478
1111 Altamont Blvd.
Frackville, Pa. 17931

8

**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA
CIVIL DIVISION**

AQUIL JOHNSON )
    Plaintiff )
                    ) JURY TRIAL DEMAND

V. )
                    ) Civil Action

1.) PA. DEPARTMENT OF CORRECTIONS )
et al., OFFICERS, AGENTS, SERVANTS, EMPLOYEES,) No. **21-CV-0516**
ATTORNEYS, COMPLICITORS,& CONTRACTORS )
**(OFFICIAL CAPACITY)** )
              Defendants )

## CERTIFICATE OF SERVICE

    Plaintiff, Aquil Johnson, hereby Certify that the below named defendants were served with true and correct copies of this document on the below date in the manner established by the Federal Rules of Civil Procedure.

**First Class U.S. Mail**

**First Class U.S. Mail**
For Pa. Department of Corr.
Defendants, Dr. Richard Ellers
Dr. Fernando Tejeda ,Service
was made on these defendants
counsel @
15th Floor Strawberry Sq.
Harrisburg, Pa.17120
**First Class U.S. Mail**
Johnathan Blake
Pa. Attorney Generals Office
Strawberry Sq. 15th Floor
Harrisburg, PA. 17120

Respectfully

Date : ⅟ 7 - 2026

AQUIL JOHNSON # JS6478

1

AQUIL JOHNSON # JS6478
SCI Frackville
1111 Altamonte Blvd.
Frackville, PA. 17931

INMATE MAIL

PA DEPT OF
CORRECTIONS



quadient
FIRST-CLASS MAIL
IMI
$003.56⁰
02/10/2026 ZIP 17932
043M32207550
US POSTAGE

To: Clerk of Courts
U.S. District Court, MD. PA.
1501 North 6th Street
Suite 101
Harrisburg, PA. 17102