**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| AQUIL JOHNSON, | : | Civil No. 1:21-CV-00516 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| PENNSYLVANIA DEPARTMENT OF | : | |
| CORRECTIONS, *et al.*, | : | |
| | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

**<u>MEMORANDUM</u>**

Before the court is an unsupported motion for a hearing on the issue of administrative exhaustion filed by Defendants in this action. (Doc. 292.) Here, Defendants did not raise the affirmative defense of administrative exhaustion in their responsive pleadings. (*See* Docs. 12, 48, 72.) Neither did Defendants raise the affirmative defense in any motion made pursuant to Fed. R. Civ. P. 56. (Docs. 123, 125.) Now, just two weeks prior to the jury trial scheduled to begin on March 30, 2026, Defendants have attempted to raise this affirmative defense by filing a motion for exhaustion hearing. (Doc. 292.) Because of the lateness in raising this affirmative defense well after discovery concluded and the prejudice it creates for the incarcerated and self-represented Plaintiff, the court finds that Defendants waived this affirmative defense and will deny their motion for a hearing.

1

**BACKGROUND AND PROCEDURAL HISTORY**

This action was initially filed in the Court of Common Pleas in Centre County, Pennsylvania and removed to federal court on March 22, 2021. (Docs. 1, 1-2.)  On March 9, 2022, Magistrate Judge Martin C. Carlson entered a report and recommendation recommending that Defendants' motion to dismiss the complaint be granted in part and denied in part.  (Doc. 39.)  After ruling on Plaintiff's objections, the court adopted the report and recommendation in part.  (Doc. 45.)  The only surviving claims were the Eighth Amendment claim as to Defendants Ellers, Tejada, and Fisher, the negligence per se claim as to all Defendants and the negligent infliction of emotional distress claim as to all Defendants.  (Doc. 45.)  Defendants then answered the complaint as to the surviving claims.  (Docs. 46, 48.)  Defendants Ellers and Tejada's answer to the complaint raised a series of affirmative defenses, but did not raise the affirmative defense of failure to exhaust the administrative remedies.  (Doc. 48.)

In September of 2022, Plaintiff filed an amended complaint naming an additional medical defendant, Dominicis, the Chief Executive Officer ("CEO") of Correct Care Solutions.  (Docs. 62, 65.)  On November 7, 2022, Defendants Ellers and Tejada filed a motion to dismiss the amended complaint that did not raise the affirmative defense of a failure to exhaust.  (Docs. 70, 72.)

On April 17, 2023, the court entered an order addressing motions to dismiss filed by Defendants Ellers and Tejada and the motion to dismiss filed by other medical defendants including Defendant Fisher. (Docs. 101, 102. The medical defendants raised the affirmative defense of administrative exhaustion, and the court ruled in their favor in some of these claims. (Doc. 101.) The surviving claim included an Eighth Amendment claim against Defendants Ellers, Tejeda, and Fisher. (Doc. 102.)

Following the closure of fact discovery, Defendants Ellers and Tejeda filed a motion for summary judgment. (Docs. 123, 125.) Again, Defendants Eller and Tejeda did not raise the affirmative defense of administrative exhaustion. (Doc. 125.) The Eighth Amendment claim associated with the missed August 15, 2019 appointment and the subsequent requests for treatment on August 15, 2019, September 14, 2019, November 20, 2019, and December 31, 2019 survived the motion for summary judgment. (Doc. 149.) The claims against Defendant Fisher were settled. (Doc. 235.)

A jury trial is scheduled to begin on March 30, 2026 to address the remaining Eighth Amendment claims against Defendants Ellers and Tejeda. (Doc. 220.) This trial has been scheduled since July 24, 2025. (*Id*.) On March 16, 2026, Defendants Ellers and Tejeda raised the affirmative defense of administrative exhaustion for the first time in a motion for a hearing on the issue of administrative

exhaustion.  (Doc. 292.)  Defendants did not file a brief in support of this motion as required by Local Rule 7.5.  However, because of the imminent jury trial, the court will address the motion without the requirement of briefing.

### DISCUSSION

The Prison Litigation Reform Act ("PLRA") requires a plaintiff inmate to exhaust the administrative remedies available to him before bringing any action under § 1983. 42 U.S.C. § 1997e(a).  However, "exhaustion is an affirmative defense which can be waived if not properly preserved by a defendant." *Smith v. Mensinger*, 293 F.3d 641, 647 n.3 (3d Cir. 2002) (citing *Ray v. Kertes*, 285 F.3d 287 (3d Cir. 2002)).

Here, Defendants' motion for an exhaustion hearing alleges that they preserved their affirmative defense of administrative exhaustion in their answer. (Doc. 292 at ¶ 5.)  However, a review of the answer demonstrates this is not accurate.  (Doc. 48.)  That is a serious misstatement of the record by defense counsel.

The court notes that this court has allowed defendants to raise the affirmative defense for the first time as late as a Rule 56 motion so long as the plaintiff is not prejudiced.  *See Baker v. Beard,* No. 05–cv–281, 2006 WL 1725557, at *3 (M.D.Pa. June 21, 2006) (Jones, J.).  However, Defendants failed to raise the affirmative defense at any point through the adjudication of their Rule 12

and Rule 56 motions or at any time while discovery was ongoing in this matter. Instead, Defendants waited until two weeks prior to the scheduled jury trial to raise the issue for the first time.  This is either an attempt at sandbagging or an indication of ineptitude by defense counsel.  Either way, the court will not permit defendants to belatedly raise a waived affirmative defense at this juncture.

This late motion asserting the affirmative defense of administrative exhaustion greatly prejudices the incarcerated, self-represented Plaintiff.  He has not had the opportunity to request discovery on the issue of administrative exhaustion.  And because the defense was never asserted, Plaintiff had no reason to request discovery on exhaustion.  Furthermore, he will soon be relocated to a different facility close the courthouse for the upcoming jury trial.  This impending transport, in combination with the delay in mail created by the Department of Corrections requirement that Defendants' mail to Plaintiff be sent through a third party, Smart Communications,[1] results in Plaintiff having minimal notice and no opportunity to prepare for an exhaustion hearing.  In order to avoid the prejudice to Plaintiff, the court would need to continue the trial date, re-open discovery, and then schedule an exhaustion hearing.  Plaintiff has been waiting for a trial in this matter since he filed his complaint in March 2021.  The additional delay that would

---

[1] *See* DC-ADM 803.

result from granting Defendants' motion is prejudicial to Plaintiff and not warranted.

### CONCLUSION

For these reasons, the court will deny Defendants' motion for an exhaustion hearing. Defendants have waived the affirmative defense by not raising it in their responsive pleading, their Rule 12 motions, or their Rule 56 motion. An appropriate order follows.

<div style="margin-left:40%">

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

</div>

Dated: March 17, 2026