IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

AQUIL JOHNSON,                              :    Civil No. 1:21-CV-00516
                                           :
            Plaintiff,                     :
                                           :
       v.                                  :
                                           :
PENNSYLVANIA DEPARTMENT OF  :
CORRECTIONS, *et al.*,                      :
                                           :
            Defendants.                    :    Judge Jennifer P. Wilson

## MEMORANDUM

Currently before the court are two motions in limine from Aquil Johnson

("Plaintiff") and one motion in limine from Dr. Richard Ellers and Dr. Fernando

Tejeda ("Defendants").  (Docs. 249, 251, 262.)  The court will defer a decision on

Plaintiff's first motion in limine and Defendants' motion in limine.  Since

Plaintiff's second motion in limine is unopposed, the court will grant the motion

and exclude evidence of the criminal histories of Plaintiff and various witnesses.

### BACKGROUND

This action was initially filed in the Court of Common Pleas in Centre

County, Pennsylvania and removed to federal court on March 22, 2021.  (Docs. 1,

1-2.)  On March 9, 2022, Magistrate Judge Martin C. Carlson entered a report and

recommendation recommending that Defendants' motion to dismiss the complaint

be granted in part and denied in part.  (Doc. 39.)  After ruling on Plaintiff's

objections, the court adopted the report and recommendation in part.  (Doc. 45.)

1

The only surviving claims were the Eighth Amendment claim as to Defendants Ellers, Tejada, and Fisher, the negligence per se claim as to all Defendants and the negligent infliction of emotional distress claim as to all Defendants.  (Doc. 45.)  Defendants then answered the complaint as to the surviving claims.  (Docs. 46, 48.)

In September of 2022, Plaintiff filed an amended complaint naming an additional medical defendant, Dominicis, the Chief Executive Officer ("CEO") of Correct Care Solutions.  (Docs. 62, 65.)  In November and December of 2022, the remaining and new Defendants filed motions to dismiss the amended complaint.  (Docs. 70, 74.)

Following the court's decision on the pending motions to dismiss, the surviving claims included an Eighth Amendment claim against Defendants Ellers, Tejeda, and Fisher.  (Doc. 102.)

Following the closure of fact discovery, Defendants Ellers, Tejeda, and Fisher filed motions for summary judgment.  (Docs. 123, 125.)  After resolution of the motions, the Eighth Amendment claim associated with the missed August 5, 2019 appointment and the subsequent requests for treatment on August 15, 2019, September 14, 2019, November 20, 2019, and December 31, 2019 survived the motions for summary judgment.  (Doc. 149.)  The claims against Defendant Fisher were later settled.  (Doc. 235.)

A jury trial is scheduled to begin on March 30, 2026 to address the remaining Eighth Amendment claims against Defendants Ellers and Tejeda. (Doc. 220.) Plaintiff has filed two motions in limine, and Defendants have filed one. (Docs. 249, 251, 262.) Briefing is complete on the motions in question, and the court will now resolve each in turn.

## DISCUSSION

### A. Motions in Limine Standard

"The Court is vested with broad inherent authority to manage its cases, which carries with it the discretion and authority to rule on motions *in limine* prior to trial." *Ridolfi v. State Farm Mutual Auto. Ins. Co.*, No. 1:15-cv-00859, 2017 WL 3198006, at *2 (M.D. Pa. July 27, 2017) (citations omitted). A motion in limine permits "the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *See United States v. Tartaglione*, 228 F. Supp. 3d 402, 406 (E.D. Pa. 2017); *see also United States v. Hamdan*, 537 F. Supp. 3d 870, 878–79 (E.D. La. 2021) ("[T]he purpose of a motion in limine is to prohibit [an opponent] 'from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds.'" (quoting *O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977))).

Moreover, this court has held the following in regards to motions in limine:

> [o]n a motion *in limine*, evidence should only be excluded "when the evidence is clearly inadmissible on all potential grounds." [*Tartaglione*, 228 F. Supp. 3d at 406.] Evidentiary rulings on motions *in limine* are subject to the trial judge's discretion and are therefore reviewed for an abuse of discretion. *Abrams v. Lightolier, Inc.*, 50 F.3d 1204, 1213 (3d Cir. 1995); *Bernardsville Bd. of Educ. v. J.H.*, 42 F.3d 149, 161 (3d Cir. 1994). . . . Further, "[c]ourts may exercise this discretion in order to ensure that juries are not exposed to unfairly prejudicial, confusing or irrelevant evidence." [*Ridolfi*, 2017 WL 3198006, at *2] (citation omitted).
>
> "A trial court considering a motion *in limine* may reserve judgment until trial in order to place the motion in the appropriate factual context." [*Tartaglione*, 228 F. Supp. 3d at 406] (citation omitted). "Further, a trial court's ruling on a motion *in limine* is 'subject to change when the case unfolds, particularly if actual testimony differs from what was contained in the movant's proffer.'" *Id.* (citing *Luce v. United States*, 469 U.S. 38, 41, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984)).

*See United States v. Larry*, 537 F. Supp. 3d 766, 768 (M.D. Pa. 2021).

### B. Plaintiff's First Motion In Limine Will Be Deferred.

On February 10, 2026, the court received and docketed Plaintiff's motion in limine seeking the exclusion of "all evidence and reference to claims that were dismissed and irrelevance matters and in the interest of justice and in support thereof." (Doc. 249.)

The claims at issue in the upcoming trial include a missed appointment on August 5, 2019,  unanswered requests for treatment of Tooth Number 8 on August 15, 2019, September 14, 2019, and December 31, 2019, and an unanswered inmate request form on November 20, 2019.  (Doc. 149.)  Plaintiff is seeking the

exclusion of evidence that he declined treatment for Tooth Number 8 prior to and following the period that his requests for treatment went unanswered.  (Doc. 250.) In summary judgment, Defendant Tejeda presented evidence that the extraction of the tooth was recommended and refused on March 22, 2019 and January 6, 2020, which was prior to the eventual removal of the tooth on April 13, 2020.  (Doc. 148, pp. 15–16; Doc. 124-1, pp. 3–6, 17, 24–27.)[1]  While Plaintiff does not point to this specific evidence, the court construes his motion in limine as seeking the exclusion of these refusals on March 22, 2019 and January 6, 2020 as irrelevant and having the potential to mislead the jury.  (Doc. 250.)  Plaintiff's argument is that the Department of Corrections ("DOC") Policy 13.2.1 reprioritization clause mandates that treatment be reprioritized following the filing of a dental sick call regardless of past refusal of treatment or release forms.  (Doc. 250, p. 9.)  Therefore, based on this policy, any past refusal of treatment is irrelevant to the current dates since he submitted sick call forms that went unanswered.  (*Id.*)

On March 3, 2023, Defendants filed a brief in opposition to Plaintiff's motion in limine stating that they do not object to the portion of Plaintiff's request seeking to exclude evidence regarding dismissed claims.  (Doc. 277.)  However, Defendants argue that while the refusal of treatment and release forms may pertain to previously dismissed claims, that does not mean the evidence does not apply to

---

[1] For ease of reference, the court uses the page numbers from the CM/ECF header.

the relevant remaining claims or defenses.  (*Id*.)  Defendants state that the evidence will show that leading up to the timeframe Plaintiff alleges he was denied treatment, he had a pattern of failing to attend his appointments or refusing treatment.  (*Id*.)  Defendants argue that such evidence "is directly relevant to whether or not Defendants violated his rights," and requests that the court defer from ruling on Plaintiff's first motion until trial.  (*Id*., p. 4.)

The admissibility of the evidence challenged by Plaintiff is governed, at least in part, by Federal Rules of Evidence 401, 402, and 403.  Federal Rule of Evidence 402 states that all relevant evidence is admissible.  Federal Rule of Evidence 401 states that evidence is relevant where it has "any tendency to make a fact more or less probable than it would without the evidence, and the fact is of consequence in determining the action."  Federal Rule of Evidence 403 excludes relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

The court acknowledges that motions *in limine* may serve as a useful pretrial tool that enables more in-depth briefing than would be available at trial, but a court may defer ruling on such motions "if the context of trial would provide clarity." *Frintner v. TruePosition*, 892 F.Supp.2d 699, 707 (E.D. Pa. 2012).  Indeed, "motions in limine often present issues for which final decision is best reserved for

a specific trial situation." *Walden v. Georgia-Pacific Corp.*, 126 F.3d 506, 518

n.10 (3d Cir. 1997). Thus, certain motions, "should generally be deferred until

trial to allow for the resolution of questions of foundation, relevancy, and potential

prejudice in proper context." *Leonard v. Stemtech Health Scis., Inc.*, 981

F.Supp.2d 273, 276 (D. Del. 2013). Moreover, "*pretrial* Rule 403 exclusions

should rarely be granted. . . [A] court cannot fairly ascertain the potential relevance

of evidence for Rule 403 purposes until it has a full record relevant to the

putatively objectionable evidence." *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d

829, 859 (3d Cir. 1990) (emphasis in original).

The issue before the jury will be whether or not Plaintiff can establish that

Defendants Ellers and Tejeda were deliberately indifferent to his serious medical

needs. The Supreme Court has held that such an evaluation under the Eighth

Amendment includes a subjective component of Defendants' state of mind. *See*

*Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (A prison official is deliberately

indifferent when he or she "knows of and disregards an excessive risk to inmate

health or safety."). While the court acknowledges Plaintiff's argument that DOC

Policy 13.2.1 reprioritization clause renders any prior refusal of treatment or

release forms null and void, it remains this court's finding that "a prison policy

manual does not have the force of law and does not rise to the level of a

regulation" and that "a violation of internal policy does not automatically rise to

the level of a Constitutional violation." *Atwell v. Lavan*, 557 F. Supp. 2d 532, 556 n.24 (M.D. Pa. 2007) (citations omitted); *see Bullard v. Seism*, 449 F. App'x 232, 235 (3d Cir. 2011) (explaining that, even if prison officials violated a regulation, such a violation "is not actionable").  Therefore, the court will defer any determination as to admissibility of the refusal of treatment and release forms so as to better determine relevancy and potential prejudice in the context of trial.

### C. Plaintiff's Second Motion In Limine Will Be Granted.

On February 10, 2026, the court received and docketed a second motion in limine from Plaintiff seeking the exclusion of evidence concerning his own criminal history and the criminal history of witnesses Danny Johnson, Earl Handfield, Emru Kebede, and Warren S. Evans.  (Docs. 251, 252.)  Plaintiff's argument is that all the criminal convictions are greater than ten years old.  (Doc. 252.)

On March 2, 2026, the court received a letter from Defendants' counsel stating "[u]pon review of the criminal histories of these individuals, including Plaintiff, it does not appear that any would have admissible *crimens falsi* regardless, and as such, Defendants do not intent to make issue of any past criminal histories at trial."  (Doc. 274.)  Based on this letter, the court views Plaintiff's second motion in limine as unopposed, and will grant the motion.

Evidence concerning the criminal histories of Plaintiff, Danny Johnson, Earl Handfield, Emru Kebede, and Warren S. Evans will be excluded from the trial.

### D. Defendants' Motion In Limine Will Be Differed.

On February 23, 2026, Defendnats filed a motion in limine seeking the exclusion of evidence relevant to the dismissed claims.  (Doc. 262.)  Defendants argue that "Plaintiff should only be permitted to present evidence related to his Eighth Amendment claim against Ellers and Tejada."  (Doc. 262, p. 3; Doc. 263, p. 3.)

On March 3, 2026, the court received and docketed Plaintiff's brief in opposition to Defendants' motion.  (Doc. 275.)  Plaintiff argues that Defendants' motion is overly broad, unclear, and potentially hazardous to relevant evidence. (*Id*.)  The court agrees.

Defendants' motion repeats the same request: "Plaintiff should only be permitted to present evidence related to his Eighth Amendment claim against Ellers and Tejada."  (Doc. 262, p. 3; Doc. 263, p. 3.)  Granting Defendants' motion doesn't actually preclude any evidence until the court determines whether or not such evidence is related to the claims against Ellers and Tejada.  Issuing a blanket statement would potentially preclude the evidence that Defendants sought to preserve in their brief in opposition to Plaintiff's motion in limine.  *See supra*. Therefore, the court will defer making a decision on Defendants' motion until trial

where it can better determine relevancy and potential prejudice in the proper context.

## CONCLUSION

For the above stated reasons, the court will defer making a determination on Plaintiff's first motion in limine, grant Plaintiff's second motion in limine as unopposed, and defer making a determination on Defendants' motion in limine.

An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: March 24, 2026